UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

(Fort Lauderdale Division)

CASE NO.:0:25-cv-61311

HOLGER DOERR, and MELISSA AUTRY,
on behalf of themselves and others similarly situated

    Plaintiffs,

v.

VILLA VIE RESIDENCES CORPORATION,
a Florida corporation, MIKAEL PETTERSON,
and KATHRYN VILLALBA, and VVR HOSPITALITY
LLC, a Florida limited liability company,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, Holger Mark Doerr ("Doerr") or ("Plaintiff"), and Melissa Autry ("Autry") or ("Plaintiff") collectively referred to as (the "Plaintiffs") by and through their undersigned counsel, file this Complaint against Defendants, Villa Vie Residences Corporation, a Florida corporation ("Villa Vie"), Mikael Petterson ("Petterson"), Kathryn Villalba ("Villalba"), and VVR Hospitality LLC, a Florida limited liability company ("VVR Hospitality"). Villa Vie, Petterson, Villalba, and VVR Hospitality may be collectively referred to as (the "Defendants") and allege as follows:

## JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought under the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid minimum wages, overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2.	The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b) and 28 U.S.C. § 1331.

## PARTIES

3.	Doerr was a Broward County, Florida resident at all material times hereto.

4.	Autry was a Broward County, Florida resident at all material times hereto.

5.	At all times material hereto, Villa Vie is a Florida profit corporation with its principal place of business in Broward County, Florida.

6.	Petterson is a resident of Broward County, Florida.

7.	Villalba is a resident of Broward County, Florida.

8.	VVR Hospitality is a Florida limited liability company with its principal place of business in Broward County, Florida. VVR Hospitality was formed on May 28, 2025, by the person in control of Villa Vie. Its formation occurred after the period during which Villa Vie employed the Plaintiffs. VVR Hospitality issued tax documents showing it as the compensation payor to the Plaintiffs. As such, it either acted as the joint employer of the Plaintiffs or is liable as a successor to Villa Vie.

9.	Venue is proper in the Southern District of Florida because all the parties reside or conduct business there, and the acts and omissions giving rise to the lawsuit occurred, in whole or in part, within this district.

10.	At all times material hereto, Villa Vie operated a cruise business offering ownership and residency opportunities on its cruise ship.

11.	Petterson is the chief executive officer of Villa Vie and was responsible for directing and implementing the illegal employment practices that are the basis for this action.

12. Villalba is the Defendant's chief operating officer and was responsible for directing and implementing the illegal employment practices that are the basis for this action.

13. The Plaintiffs regularly performed duties for the Defendants within the State of Florida and this judicial district.

14. At all times material hereto, Plaintiffs were an "employee" of the Defendants within the meaning of FLSA.

15. At all times material hereto, Villa Vie, Petterson, Villalba, and VVR Hospitality were "employers" within the meaning of FLSA.

16. Defendants were and continue to be "employers" within the meaning of FLSA.

17. At all times material hereto, Villa Vie was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA. Specifically, Villa Vie regularly engaged in interstate phone calls and communications as part of its everyday business. It sold spaces on a vessel that engaged in international travel to guests throughout the United States and the world.

18. Based upon information and belief, the annual gross revenue of Villa Vie was over $40,000,000.00 during the relevant periods.

19. At all times material hereto, Villa Vie has more than two (2) employees.

20. At all times material hereto, Villa Vie had two (2) or more employees handling, selling, or otherwise working on goods, services, or materials that have been moved in or produced for commerce, including computers, office equipment, phones, and other materials necessary and integral to Defendant's business operations.

21. At all times material hereto, Plaintiffs were "engaged in commerce" and subject to individual coverage of the FLSA. Specifically, Plaintiff regularly and customarily made interstate phone calls throughout their employment with Villa Vie and received and processed interstate

credit card transactions as part of their duties working for Defendant. These transactions were to sell cruises for international travel to customers.

22. At all times material hereto, the work performed by Doerr was directly essential to the business conducted by Defendant.

23. At all times material hereto, the work performed by Autry was directly essential to the business conducted by Defendant.

## STATEMENT OF FACTS (As To Doerr)

24. On or about September 15, 2023, Villa Vie hired Doerr to work as a non-exempt inside sales representative.

25. At various material times, Plaintiff worked over forty (40) hours for Villa Vie within a work week.

26. From at least September 15, 2023, and continuing through November 26, 2024, Villa Vie failed to compensate Plaintiff at one and one-half times Plaintiff's regular rate for all hours worked more than forty (40) hours in a single work week.

27. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked over forty (40) hours per week as required by the FLSA.

28. Villa Vie has violated Title 29 U.S.C. §206 and 207 during Plaintiff's employment in that:

    a. Plaintiff worked more than forty (40) hours per week for employment with Defendants.

  b.  No payments, and provisions for payment, have been made by Defendants to adequately compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked more than forty (40) hours per week, provided by the FLSA; and

  c.  Villa Vie failed to maintain proper time records as mandated by the FLSA.

## STATEMENT OF FACTS (As To Autry)

29. On or about March 27, 2024, Villa Vie hired Plaintiff to work as a non-exempt inside sales representative.

30. At various material times, the plaintiff worked more than forty (40) hours for Villa Vie within a work week. From March 27, 2024, and continuing through November 26, 2024, Villa Vie failed to compensate the Plaintiff at one and one-half times the Plaintiff's regular rate for all hours worked more than forty (40) hours in a single work week.

31. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked over forty (40) hours per week as required by the FLSA.

32. Villa Vie has violated Title 29 U.S.C. §206 and 207 during Plaintiff's employment in that:

  a.  Plaintiff worked more than forty (40) hours per week for the period of employment with Defendant;

  b.  No payments and provisions for payment have been made by Defendants to adequately compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked more than forty (40) hours per week as provided by the FLSA; and

  c.  Villa Vie failed to maintain proper time records as mandated by the FLSA.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION (Doerr)

35. Doerr re-alleges and reavers paragraphs 1 through 3 and 5 through 28 as if fully set forth herein.

36. From at least April 1, 2024, and continuing through November 26, 2024, Plaintiff worked more than forty (40) hours per week for which Plaintiff was not compensated at the statutory rates of one and one-half times Plaintiff's regular pay rate.

37. Plaintiff was and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked, more than forty (40) hours.

38. At all times material hereto, Villa Vie failed to maintain proper time records as mandated by the FLSA.

39. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked more than forty (40) hours per weeks when it knew, or should have known, such was, and is due.

40. Villa Vie has failed to adequately disclose or apprise Plaintiff of his rights under the FLSA.

41. Due to the Defendants' intentional, willful, and unlawful acts, the Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

42. Plaintiff is entitled to an award of reasonable attorney's fees and costs under 29 U.S.C. §216(b).

43. At all times material hereto, Villa Vie failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, concerning those similarly

situated to the named Plaintiff by the management policy, plan or decision that intentionally provided for inadequate overtimes compensation of such employees at a rate less than time and a half for their overtime hours.

44. Based upon information and belief, the employees and former employees of Villa Vie similarly situated to Plaintiff were not paid for all hours worked, and to the extent such house, if credited adequately to Plaintiff, would have credited Plaintiff with more than forty (40) or more hours in a work week, Villa Vie has failed to pay Plaintiff properly, and those similarly situated to him, proper overtime wages at time and a half their regular rate of pay for such hours.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants: a. Declaring, under 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein violate the maximum hour and minimum wages provisions of the FLSA; b. Permitting Plaintiff to send notice of this lawsuit to all similarly situated individuals under 29 U.S.C. § 216(b); c. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked more than forty (40) hours per work week ; d. Awarding Plaintiff liquidated damages equal to the overtime award; e.g., awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation under 29 U.S.C. §216(b); g. Awarding Plaintiff pre-judgment interest, and any other relief the Court deems proper.

### COUNT II - RECOVERY OF OVERTIME COMPENSATION (Autry)

45. Autry re-alleges and reavers paragraphs 1 through 2, 4, 5 through 21, 23, and 29 through 34 as fully set forth herein.

46. From March 27, 2024, to November 26, 2024, Plaintiff worked more than forty (40) hours per week, for which Plaintiff was not compensated at the statutory rates of one and one-half times Plaintiff's regular rate of pay.

47. Plaintiff was and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked more than forty (40) hours.

48. At all times material hereto, Villa Vie failed to maintain proper time records as mandated by the FLSA.

49. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked more than forty (40) hours per weeks when it knew, or should have known, such was, and is due.

50. Villa Vie has failed to adequately disclose or apprise Plaintiff of his rights under the FLSA.

51. Due to the intentional, willful, and unlawful acts of the Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

52. Plaintiff is entitled to an award of reasonable attorney's fees and costs under 29 U.S.C. §216(b).

53. At all times material hereto, Villa Vie failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, concerning those similarly situated to the named Plaintiff under the management policy, plan, or decision that intentionally provided for inadequate overtimes compensation of such employees at a rate less than time and a half for their overtime hours.

54. Based upon information and belief, the employees and former employees of Villa Vie similarly situated to Plaintiff were not paid for all hours worked, and to the extent such house, if credited adequately to Plaintiff, would have credited Plaintiff with more than forty (40) or more

hours in a work week, Villa Vie has failed to pay Plaintiff properly, and those similarly situated to her, proper overtime wages at time and a half their regular rate of pay for such hours.

WHEREFORE, Plaintiffs, Holger Mark Doerr and Melissa Autry, respectfully requests that judgment be entered in his favor against Defendants: a. Declaring, under 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein violate the maximum hour and minimum wages provisions of the FLSA; b. Permitting Plaintiff to send notice of this lawsuit to all similarly situated individuals under 29 U.S.C. § 216(b); c. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked more than forty (40) hours per work week ; d. Awarding Plaintiff liquidated damages equal to the overtime award; e. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation under 29 U.S.C. §216(b); g. Awarding Plaintiff pre-judgment interest, and any other relief the Court deems proper.

## JURY DEMAND

The Plaintiffs demand trial by jury on all issues so triable as a matter of right by jury.

Dated this 27th day of June 2025.

By: /s/ Kenneth L. Minerley
Kenneth L. Minerley, Esq.
Fla. Bar No.: 521840
ken@minerleyfein.com

**MINERLEY FEIN, P.A.**
*Attorneys for Plaintiffs*
1200 N. Federal Highway, Suite 420
Boca Raton, FL 33432
Phone: 561/362-6699
Fax: 561/447-9884
Fileclerk@minerleyfein.com
Kelley@minerleyfein.com