**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 0:25-cv-61311-DSL**

**HOLGER DOERR, and MELISSA AUTRY,** on behalf of themselves and others similarly situated,

Plaintiffs,

v.

**VILLA VIE RESIDENCES CORPORATION,** a Florida corporation, **MIKAEL PETTERSON, KATHRYN VILLALBA,** and **VVR HOSPITALITY LLC,** a Florida limited liability company,

Defendants.
_____________________________________________/

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT**
**PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Defendants Villa Vie Residences Corporation ("Villa Vie"), Mikael Petterson ("Petterson"), Kathryn Villalba ("Villalba"), and VVR Hospitality LLC ("VVR Hospitality") (collectively, "Defendants"), by and through undersigned counsel, respectfully move to dismiss Plaintiffs' Complaint (Doc. 1) pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. In the alternative, Defendants move for a more definite statement pursuant to Rule 12(e). As permitted by Rule 12(b), Defendants file this Motion in lieu of an answer and without waiving their right to answer the allegations in the Complaint. In support thereof, Defendants submit the following memorandum of law.

## MEMORANDUM OF LAW

### I. INTRODUCTION

On June 27, 2025, Plaintiffs Holger Doerr and Melissa Autry filed this action, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., claiming that Defendants failed to pay them overtime wages for hours worked over 40 per week, failed to maintain proper time records, and acted willfully, entitling them to unpaid wages, liquidated damages, attorney's fees, and costs. (Doc. 1 at 6-9). The Complaint names Villa Vie, its CEO (Petterson), its COO (Villalba), and VVR Hospitality as employers liable under the FLSA, and seeks to represent a collective of similarly situated employees. (*Id*. at 2-3, 7-8).

The Complaint fails to state a claim for several critical reasons: (1) it lacks sufficient factual allegations to establish that Plaintiffs worked overtime hours without compensation, failing to identify specific workweeks or hours; (2) it does not plead facts showing that Petterson and Villalba are individually liable as employers; (3) it fails to establish VVR Hospitality's liability as a joint employer or successor, particularly given its formation after the alleged violations; (4) it inadequately alleges willfulness to support a three-year statute of limitations or liquidated damages; (5) it fails to plead facts supporting a collective action, offering only speculative assertions about other employees; (6) it cannot proceed as a collective action because plaintiffs have failed to file the required opt-in consent; and (7) it constitutes an impermissible shotgun pleading. These deficiencies render the Complaint implausible under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

The Southern District of Florida, a hub for FLSA litigation, has proactively taken on speculative complaints to prevent abuse of the judicial process. This Court has adopted a policy of entering Orders in Actions Brought Under the Fair Labor Standards Act wherein this Court

requires plaintiffs to provide an initial estimate of unpaid wages, a preliminary calculation of such wages, the approximate period of violations, and the nature of the wages.[1] The Complaint's vague and conclusory allegations fail to meet the heightened pleading standards required in this District, risking costly discovery for meritless claims. *See Twombly*, 550 U.S. at 557-59 (emphasizing the need to dismiss speculative claims to avoid discovery abuse). Defendants respectfully request dismissal to avoid such costs, which may force settlements based on litigation expenses rather than legal merit.

## II. STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion, a complaint must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible when the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Conclusory allegations or "formulaic recitation of the elements of a cause of action" are insufficient. *Twombly*, 550 U.S. at 555. In FLSA cases, plaintiffs must allege specific facts, such as the approximate number of overtime hours worked or specific workweeks, to state a plausible claim. *See Baide v. Sunsof, Inc.*, No. 14-22255-C1V, 2014 WL 5055124, at *2 (S.D. Fla. Oct. 8, 2014); *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 646 (9th Cir. 2014)(finding a plaintiff may establish a plausible claim by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages

[1] *See, e.g.*, *Wallace v. SGI Matrix, LLC*, No. 0:24-cv-60756-PAB, Doc. 21 (S.D. Fla. July 3, 2024). *See also*, *Obasi v. Bedabox LLC*, No. 0:23-cv-60050-RS, Docket 9 (S.D. Fla. Mar. 1, 2023), where Judge Rodney Smith required the plaintiff to amend their complaint to include: (1) the periods of time during which plaintiff worked overtime; (2) the approximate amounts of overtime hours worked; and (3) the specific workweeks in which plaintiff allegedly worked in excess of 40 hours without being paid overtime.

she believes she is owed, or any other facts that will permit the court to find plausibility); *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013)(requiring that a plaintiff must sufficiently allege 40 hours of work in a ***given workweek*** as well as some uncompensated time in excess of the 40 hours")(emphasis supplied); *See also Stafflinger v. RTD Constructions, Inc.*, 2015 WL 9598825, at *2 (M.D. Fla. Dec. 14, 2015)(Smith, M.J.), report and recommendation adopted, 2016 WL 48110 (M.D. Fla. Jan. 5, 2016)(following *Lundy*). Courts accept well-pleaded factual allegations as true but need not accept legal conclusions or speculative assertions. *Iqbal*, 556 U.S. at 678-79.

The Supreme Court's *Twombly* and *Iqbal* decisions direct district courts to dismiss complaints lacking sufficient factual detail to prevent speculative lawsuits from proceeding to costly discovery. *Twombly*, 550 U.S. at 557 ("[A] district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed."); *Iqbal*, 556 U.S. at 678 ("Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."). The plaintiff has the burden of showing "as a matter of just and reasonable inference the amount and extent of his work in order to demonstrate that he was inadequately compensated under FLSA." *Rance v. Rocksolid Granit USA, Inc.*, 292 Fed. Appx. 1 (11th Cir. 2008).

## III. ARGUMENT

### A. The Complaint Fails to Plead Sufficient Facts to State a Plausible FLSA Overtime Claim

The Complaint alleges that Plaintiffs worked over 40 hours per week without receiving overtime pay at one-and-one-half times their regular rate, in violation of 29 U.S.C. § 207. (Doc. 1 at 5-6, ¶¶ 25-26, 30-31). However, it lacks the specific factual allegations required to state a plausible claim under *Twombly* and *Iqbal*.

**1. Lack of Specificity Regarding Overtime Hours**

To state an FLSA overtime claim, plaintiffs at the very least should approximate the alleged number of hours worked for which they did not receive pay and the time period for which they are claiming unpaid overtime. *Montgomery v. 3300 Corp.*, No. 18-62683-CIV, 2019 WL 3890857, at *1 (S.D. Fla. June 28, 2019); *Rance*, 292 Fed. App'x at 1; *Pruell v. Caritas Christi*, 678 F.3d 10 (1st Cir. 2012). A Plaintiff must allege sufficient factual matter to show they worked compensable overtime in a workweek longer than 40 hours. *Landers*, 771 F.3d at 646; *Baide v. Sunsof, Inc.*, No. 14-22255-C1V, 2014 WL 5055124, at *2 (S.D. Fla. Oct. 8, 2014)(factual allegations satisfactory because complaint specifically alleged the timeframe during which the plaintiffs each worked overtime, **the amount of overtime hours each plaintiff worked**, and that the plaintiffs were not paid correctly for their overtime hours)(emphasis added); *Miller v. M.D. Sci. Labs, LLC*, No. 1060956CIV, 2010 WL 4968185, at *2 (S.D. Fla. Nov. 24, 2010)(finding enough plead as plaintiff approximated the precise number of hours worked overtime each week of their employment and that they were not paid overtime). General assertions of working more than forty hours per week are insufficient. *See Pruell v. Caritas Christi*, 678 F.3d at 13-14 (finding plaintiff's amended complaint did "not provide examples (let alone estimates as to the amounts) of such unpaid time for either plaintiff or describe the nature of the work performed during those times").

Here, the Complaint alleges that Doerr and Autry "worked over forty (40) hours for Villa Vie within a work week" during their employment periods (Doerr: September 15, 2023–November 26, 2024; Autry: March 27, 2024–November 26, 2024). (Doc. 1 at 5-6, ¶¶ 25, 30). It fails to specify: (a) the specific periods of time when overtime was worked; (b) the approximate number of overtime hours worked; or (c) the specific workweeks in which Plaintiffs worked over 40 hours without overtime pay, as required by *Obasi*. These omissions render the claims deficient. In

*Montgomery*, 2019 WL 3890857, at *2, defendant's motion to dismiss was granted because plaintiff did not sufficiently allege facts approximating the alleged number of hours worked for which she did not receive pay and the time period for which she claimed unpaid overtime. Similarly, in *St. Croix v. Genentech, Inc.*, No. 8:12-CV-891-T-33EAJ, 2012 WL 2376668, at *2 (M.D. Fla. June 22, 2012), the court dismissed a claim for failing to provide dates or date ranges during which the plaintiff worked overtime.

The Complaint's conclusory assertions fail to provide the factual context required to cross the line between the conclusory and the factual. *Pruell*, 678 F.3d at 13; *Iqbal*, 556 U.S. at 678. The Eleventh Circuit requires plaintiffs to show as a matter of just and reasonable inference the amount and extent of their work to demonstrate inadequate compensation. *Rance*, 292 F. App'x at 1; *see also Allen v. Bd. of Pub. Educ. for Bibb Cnty.*, 495 F.3d 1306, 1318 (11th Cir. 2007)(citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946). The Complaint's lack of specificity prevents the Court from making such an inference, warranting dismissal of Counts I and II.

**2. Failure to Address Compensable Work**

The Complaint does not specify the nature of the work performed during alleged overtime hours, preventing the Court from assessing whether such work was compensable under the FLSA. *See Pruell*, 678 F.3d at 14 (dismissing claim for failing to "describe the nature of the work performed" during alleged unpaid overtime). Courts have consistently dismissed FLSA claims where plaintiffs fail to describe the work performed during alleged overtime. *Hernandez v. Praxair Distribution, Inc.*, No. 4:14-CV-01535, 2015 WL 5608233, at *2 (S.D. Tex. Sept. 23, 2015)(dismissing claim for failing to detail tasks performed during alleged unpaid overtime and the dates of his alleged unpaid overtime); *Pruell v. Carnitas Christi,* 678 F.3d at 14 (holding a simple statement that plaintiffs worked more than forty hours per week was inadequate to establish

a FLSA claim where the complaint lacked examples or estimates of unpaid time to substantiate the claim). Here, the Complaint alleges that Plaintiffs made "interstate phone calls" and "processed interstate credit card transactions" (Doc. 1 at 4, ¶ 21) but does not connect these activities to specific overtime hours or explain why they were uncompensated. This lack of detail fails to nudge the claim "from the realm of mere conjecture" to plausibility. *Pruell*, 678 F.3d at 13. Without facts describing the amount and extent of the alleged overtime work, the Complaint does not permit a "just and reasonable inference" of unpaid overtime. *Rance*, 292 F. App'x at 1.

**3. Failure to Plead Non-Exempt Status**

The Complaint alleges that Plaintiffs are "inside sales representatives" engaged in selling cruise passages, involving interstate phone calls and credit card transactions, but does not specify their job duties, work environment, work location, or whether they worked at an employer-controlled workplace. (Doc. 1 at 4-5, ¶¶ 21, 24, 29). The Complaint assumes Plaintiffs were non-exempt employees entitled to overtime but does not address whether they qualified for FLSA exemptions, such as the administrative or outside sales exemptions under 29 U.S.C. § 213(a)(1). (Doc. 1 at 5, ¶¶ 24, 29). In *Saunders v. Amplus Air Conditioning Contractor, Inc.*, No. 19-CV-62450, 2020 WL 1452364 (S.D. Fla. Mar. 25, 2020), the court dismissed FLSA claims because the plaintiff failed to allege his job title, responsibilities, or the general nature of his work, preventing the court from determining whether he was non-exempt. Similarly, here, the Complaint's lack of detail about Plaintiffs' duties or work location—such as whether they worked from home or an employer office—renders the non-exempt status claim speculative.

Moreover, the Complaint does not address the outside sales exemption, which applies to employees whose primary duty is making sales and who customarily and regularly perform such duties away from the employer's place of business. 29 C.F.R. § 541.500. The Complaint's silence

on whether Villa Vie maintains a fixed business location, combined with its description of Plaintiffs' sales activities, suggests they may qualify for this exemption, particularly if they worked from home, as Defendants have no fixed office.[2] *See Saunders*, 2020 WL 1452364, at *2 (noting defendants' argument that plaintiff was an exempt outside salesman, contributing to dismissal for failure to plead non-exempt status). In *Saunders*, the court emphasized that plaintiffs must allege facts to negate exempt status, such as specific job responsibilities. *Id*. at *5. The Complaint's failure to allege whether Plaintiffs' sales work was performed at an employer-controlled site or from their homes, especially given the ambiguity about Villa Vie's business location (Doc. 1 at 3, ¶ 5), suggests they may be exempt outside sales employees, undermining their overtime claims.

**B. The Complaint Fails to Plead Individual Liability for Petterson and Villalba**

The Complaint alleges individual liability against Petterson and Villalba based solely on their corporate titles as CEO and COO and conclusory assertions of their operational control. These allegations fail to satisfy the pleading requirements to establish individual liability under the FLSA.

Under the FLSA, an individual may be liable if they have direct responsibility for supervising the employee or actively participate in day-to-day operations affecting employment terms. *Patel v. Wargo*, 803 F.2d 632, 638 (11th Cir. 1986). Courts have repeatedly dismissed individual FLSA claims lacking allegations of specific activities that establish operational control, such as hiring, firing, setting compensation, supervising employees, or maintaining records. *Camargo v. Swine Gables, LLC*, No. 1:16-cv-23100, 2016 WL 9526470 (S.D. Fla. Sept. 26, 2016);

---

[2] Here, Plaintiff's allegations of inside sales is specious considering the fact that Defendants did not have any situs from where Plaintiffs worked.

*Bailey v. Cooper*, No. 10-cv-81596, 2011 WL 818110 (S.D. Fla. Mar. 2, 2011); *Hernandez v. Anderson*, No. 5:14-cv-577, 2015 WL 3514483 (M.D. Fla. June 4, 2015).

Here, Plaintiffs do not allege specific facts detailing how Petterson or Villalba participated in setting work schedules, determining compensation, supervising daily tasks, or making employment decisions affecting Plaintiffs. The Complaint's broad and conclusory allegations do not meet the necessary threshold to establish individual liability. Therefore, the claims against Petterson and Villalba individually are insufficiently pled and should be dismissed.

### C. The Complaint Fails to Establish VVR Hospitality's Liability as a Joint Employer or Successor

The Complaint alleges that VVR Hospitality is liable as a "joint employer" or "successor" to Villa Vie because it issued tax documents as the compensation payor. (Doc. 1 at 3, ¶ 8). These allegations are conclusory and fail to establish VVR Hospitality's liability, particularly since it was formed after the alleged violations.

#### 1. Joint Employer Liability

To establish joint employer status under the FLSA, plaintiffs must allege facts demonstrating that the businesses involved "(1) performed related activities, (2) through a unified operation or common control, and (3) for a common business purpose." *Vignoli v. Clifton Apartments, Inc.*, 930 F. Supp. 2d 1346 (S.D. Fla. 2013)(citing *Gonzalez v. Old Lisbon Rest. & Bar L.L.C.*, 820 F. Supp. 2d 1365, 1368 (S.D. Fla. 2011)). Merely reciting these elements without factual support is insufficient. *Id.*

The Complaint in this case contains precisely the type of bare, formulaic allegations rejected by *Gonzalez.* Plaintiffs conclusorily allege that VVR Hospitality and Villa Vie are joint employers solely because VVR Hospitality issued tax documents as the compensation payor. (Doc. 1 at 3, ¶ 8). These allegations fail to explain how the two entities performed related activities,

maintained unified operations or common control, or pursued a common business purpose. Issuing tax documents alone does not indicate operational control over employees or establish economic dependence of Plaintiffs on VVR Hospitality. *See Gonzalez*, 820 F. Supp. 2d at 1369 (holding that bare allegations of common ownership and control without additional facts demonstrating related activities and common business purpose were insufficient).

Here, just as in *Gonzalez*, the Complaint provides no factual detail to substantiate claims of joint employment beyond conclusory assertions. Plaintiffs have not alleged any facts showing interrelated operations, shared supervisory authority, or coordinated employment practices between VVR Hospitality and Villa Vie. Without specific factual allegations describing how operations were supposedly interrelated or in what manner Plaintiffs' duties overlapped between the two entities, the Complaint fails to meet the pleading requirements for joint employer liability. *Gonzalez*, 820 F. Supp. 2d at 1369.

Moreover, the facts alleged in the Complaint indicate that VVR Hospitality was formed on May 28, 2025, long after Plaintiffs' employment with Villa Vie ended on November 26, 2024. (Doc. 1 at 3, ¶ 8). This temporal gap makes it implausible that VVR Hospitality exercised operational control or economic influence over Plaintiffs during their employment. The Complaint lacks any explanation of how a subsequently formed entity could have controlled Plaintiffs' work conditions retroactively.

Therefore, Plaintiffs' allegations against VVR Hospitality are insufficient under federal pleading standards, as articulated in *Gonzalez*, and fail to establish a joint employer relationship under the FLSA.

**2. Successor Liability**

Plaintiffs similarly fail to allege facts necessary for successor liability under the FLSA, which requires demonstrating that the successor had notice of the predecessor's liabilities, continuity of business operations, and that the predecessor is unable to provide relief. *Cuervo v. Airport Services, Inc.*, 984 F. Supp. 2d 1333 (S.D. Fla. 2013).

The Complaint merely states that VVR Hospitality was formed by the individual controlling Villa Vie and issued tax documents. (Doc. 1 at 3, ¶ 8). It does not allege continuity of operations, such as VVR Hospitality assuming Villa Vie's business operations or obligations. Nor does the Complaint allege that Villa Vie is unable to satisfy any potential judgment, a necessary element for successor liability. *Boateng v. Ret. Corp. of Am. Partners, L.P.*, No. 1:12-CV-01959-JOF, 2013 WL 12061901, at *5 (N.D. Ga. Mar. 5, 2013).

Additionally, courts have emphasized that successor liability under the FLSA is intended to ensure relief where the predecessor entity cannot provide adequate remedy. *See Robinson v. Royal Caribbean Cruises, Ltd.*, No. 11-61367-CIV, 2014 WL 2050516, at *4 (S.D. Fla. May 19, 2014). The Complaint here offers no factual allegations indicating that Villa Vie is insolvent or otherwise unable to satisfy any potential judgment. Without such allegations, successor liability is inappropriate and unwarranted under established case law. *Cuervo*, 984 F. Supp. 2d at 1340.

In short, Plaintiffs' claims against VVR Hospitality for successor liability are equally deficient, lacking factual support required under applicable law. Consequently, dismissal of claims against VVR Hospitality is appropriate.

**D. The Complaint Fails to Adequately Plead Willfulness**

The Complaint alleges that Defendants' actions were "willful and/or showed reckless disregard" for FLSA provisions, seeking a three-year statute of limitations under 20 U.S.C. §

255(a) and liquidated damages under 29 U.S.C. § 216(b). (Doc. 1 at 7-8, ¶¶ 39, 49). These allegations are conclusory and fail to state a plausible claim for willfulness.

**1. Legal Standard for Willfulness**

A willful FLSA violation requires that the employer "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). Willfulness is a factual issue requiring specific allegations of intent or knowledge, not mere negligence. *See Davila v. Menendez*, 717 F.3d 1179, 1185 (11th Cir. 2013); *Zannikos v. Oil Inspections (USA), Inc.*, 605 F. App'x 349, 351 (5th Cir. 2015). Conclusory allegations of willfulness are insufficient under *Twombly* and *Iqbal*.

**2. Insufficient Allegations of Willfulness**

The Complaint asserts that Defendants' actions were willful because they "knew, or should have known" that overtime pay was due. (Doc. 1 at 7-8, ¶¶ 39, 49). This is an unadorned legal conclusion. The Complaint contains no facts from which this Court could plausibly infer that Defendants' alleged conduct was willful.

Courts in the Eleventh Circuit routinely scrutinize FLSA claims at the motion to dismiss stage where the plaintiff relies on bare assertions of willfulness without factual support. *See, e.g.*, *Vergara v. Davis Bancorp, Inc.*, No. 10-21746-CIV, 2010 WL 11553435, at *2 (S.D. Fla. Oct. 20, 2010)(determining that "cursory allegations" that defendant "willfully and intentionally" refused to pay overtime were "insufficient" under *Twombly* and *Iqbal*); *Hernandez v. Anderson*, No. 5:14-CV-577-OC-39PRL, 2015 WL 3514483, at *6 (M.D. Fla. June 4, 2015)(explaining that a plaintiff's allegations that employer's failure to pay overtime was "intentional and willful" was "an unadorned legal conclusion"); *Jimenez v. Cruz & Cruz, Inc.*, No. 24-CV-23563, 2024 WL 4555937, at *3 (S.D. Fla. Oct. 8, 2024), *report and recommendation adopted*, No. 24-23563-CV, 2024 WL

4554098 (S.D. Fla. Oct. 23, 2024))(rejecting "bare bones allegations of willfulness, with no factual support establishing that Defendants acted willfully"); *Gurgel v. Boss Rain Forest Pet Resort, Inc.*, No. 16-62819-CIV, 2017 WL 7796318, at *3 (S.D. Fla. Feb. 10, 2017)(explaining that "[a]t the pleading stage, '[c]ourts in the Eleventh Circuit require some factual allegation from which they could infer that a defendant's alleged failure to pay was willful.'"); *Powell v. Carey Intern., Inc.*, 483 F. Supp. 2d 1168, 1175 (S.D. Fla. 2007)(determining that a finding of "willful" is demanding in that even if an employer acted unreasonably, if the employer's action was not reckless in determining its legal obligations under the FLSA, such action is not "willful").

These decisions reflect a consistent rule: legal conclusions without factual allegations do not unlock the three-year limitations period. As the Second Circuit reaffirmed in *Whiteside v. Hover-Davis, Inc.*, "the mere allegation of willfulness is insufficient to allow an FLSA plaintiff to obtain the benefit of the three-year exception at the pleadings stage." 995 F.3d 315, 323 (2d Cir. 2021). Courts should not permit time-barred claims "to proceed through discovery upon the insertion of a single legal conclusion—indeed, a single word—into a complaint." *Id*. The court in *Gurgel* rejects plaintiff's argument that "she ha[d] sufficiently pled willfulness because she ha[d] alleged that [the] [d]efendants knowingly and willfully failed to pay overtime compensation for all hours worked over 40 each week." The Court ruled that "dismissal without prejudice [was] required because of [the] [p]laintiff's failure to provide any factual support demonstrating that [the] [d]efendants' alleged failure to pay her overtime was willful." *Id*.

Because Plaintiff's Complaint is devoid of any factual allegations suggesting that Defendants knew its conduct violated the FLSA or acted with reckless disregard, Plaintiffs cannot invoke the extended limitations period. Accordingly, the standard two-year statute of limitations applies, and all FLSA claims outside that period must be dismissed.

**E. The Complaint's Collective Action Allegations Are Insufficient**

Plaintiffs fail to meet the pleading requirements of a collective action under the FLSA. Here, the Complaint vaguely alleges that "employees and former employees of Villa Vie similarly situated to Plaintiff were not paid" for overtime. (Doc. 1 at 7-8, ¶¶ 44, 54). "When plaintiffs bring an FLSA action for and on behalf of themselves and other similarly situated employees, the complaint should indicate who those other employees are, and allege facts that would entitle them to relief." *Bule v. Garda CL Se., Inc.*, 14-21898-CIV, 2014 WL 3501546, at *4 (S.D. Fla. July 14, 2014)(citing *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1258 (11th Cir.2008)). Thus, where a complaint "contains no description of the job duties of the alleged similarly situated employees and has no allegations concerning the pay provisions of those proposed employees," that action is subject to dismissal because it "contains no factual basis by which to assess whether Plaintiff and the other employees are similarly situated." *Id.*; *see also Weise v. Blue Line Law Firm PLLC*, 22-CV-81549-AMC, 2024 WL 363720, at *3 (S.D. Fla. Jan. 5, 2024), *report and recommendation adopted*, 22-81549-CIV, 2024 WL 361254 (S.D. Fla. Jan. 31, 2024)(dismissing collective action claims where plaintiff only alleged that "there are 'other similarly situated individuals' who were not paid the proper wages."); *see also St. Croix v. Genentech, Inc.*, No. 8:12-CV-891-T-33EAJ, 2012 WL 2376668 (M.D. Fla. June 22, 2012)(finding plaintiff failed to set forth any facts supporting allegations of similarly situated employees as the complaint provided no description of the alleged similarly situated employees' job duties, job titles, or pay provisions and that merely seeking relief on behalf of "numerous individuals who were similarly situated" is a legal conclusion that does not satisfy *Twombly* and *Iqbal*).

Here, Plaintiffs fail to provide any allegations regarding similarly situated employees, let alone any details regarding such employees' "job duties [or] the pay provisions of those proposed

employees." *See Bule*, 2014 WL 3501546, at *4; *Weise*, 2024 WL 363720, at *3; *Benitez-Fajardo v. Seafood on the Table, Inc.*, 13-22237-CIV, 2013 WL 12124621, at *5 (S.D. Fla. Nov. 19, 2013) ("Thus, for the purposes of surviving a motion to dismiss, the Court finds that the Complaint does not sufficiently plead that there are other similarly situated employees."). Accordingly, in addition to their failure to properly allege Mr. Sitaras was their "employer," Plaintiffs' Amended Complaint, brought as a collective action, should be dismissed because it fails to allege any facts to entitle "other similarly situated individuals" to relief.

Indeed, as the court in *Poggi v. Humana, Inc.*, No. 8:17-cv-433-T-24MAP, 2017 WL 1322487, at *2 (M.D. Fla. Apr. 7, 2017) noted, although lack of detail regarding job titles and pay provisions at issue "may be barely sufficient for an individual FLSA action," more is required to give a defendant fair notice of an FLSA collective action. 2017 WL 1322487, at *3; *see Jackson v. First Student Mgmt., LLC*, No. 3:16-CV-557-J-20MCR, 2017 WL 10874175, at *4 (M.D. Fla. Apr. 20, 2017)("When plaintiffs bring an FLSA action on behalf of themselves and other similarly situated employees, the complaint should indicate who those other employees are, and allege facts that would entitle them to relief."); *Meggs v. Condotte Am., Inc.*, No. 12-20876-CIV, 2012 WL 3562031, at *3 (S.D. Fla. Aug. 17, 2012)("where a complaint fails to sufficiently allege the attributes of the similarly situated employees, the collective action claim may be dismissed at the pleading stage"). This is because after prevailing on a motion to dismiss, a plaintiff has the opportunity to engage in discovery. *Id*. (quoting *Dyer v. Lara's Trucks, Inc.*, No. 1:12-CV-1785-TWT, 2013 WL 609307, at *3 (N.D. Ga. Feb. 19, 2013)). Alternatively, after prevailing on a motion for conditional certification, a plaintiff has the opportunity to send notice of the action to putative class members. *Id*. (quoting *Dyer*, 2013 WL 609307, at *3). If a plaintiff is not required to sufficiently allege job titles and pay provisions or practices at issue until the conditional

certification stage, the defendant is left facing and producing substantial discovery regarding an unknown, undefined class based on counsel's "incentive to keep the claims unspecific to achieve the largest possible class." *Dyer*, 2013 WL 609307, at *3 (citing *Pruell v. Caritas Christi*, 678 F.3d 10, 14 (1st Cir. 2012))(internal quotations omitted). The motion to dismiss "is a defendant's shield against this danger." *Poggi*, 2017 WL 1322487, at 3 (quoting *Dyer*, 2013 WL 609307, at *3).

These allegations are insufficient under Rule 12(b)(6).

**F. Plaintiff Has Not Filed the Required Opt-In Consent**

Finally, Plaintiff has failed to satisfy the mandatory procedural prerequisite to proceed collectively under the FLSA: the filing of a written consent. Section 216(b) of the FLSA provides unambiguously: "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). Likewise, under 29 U.S.C. § 256, a collective action does not commence for limitations purposes until such consent is filed.

The Eleventh Circuit has confirmed that "§ 216(b) plainly states that such an action may not proceed ***as to any person*** until a formal written consent from that person is filed in court." *Albritton v. Cagle's, Inc.*, 508 F.3d 1012, 1016 (11th Cir. 2007)(emphasis added). Accordingly, if Plaintiff wishes to pursue a collective action, "he must file a consent to join form for himself." *Poggi v. Humana, Inc.*, No. 8:17-CV-433-T-24 MAP, 2017 WL 1322487 at *2 (M.D. Fla. Apr. 7, 2017)(dismissing collective action where the named plaintiff had not filed a consent to join form and explaining that all the "collective action allegations are superfluous at this time."); *Miller v. M.D. Sci. Labs*, LLC, No. 1060956CIV, 2010 WL 4968185, at *2 (S.D. Fla. Nov. 24, 2010)(dismissing collective action because Plaintiffs failed to file consent).

Here, no written opt-in consent has been filed by Plaintiff. This requirement is not reserved for opt-in plaintiffs alone; it applies to the named plaintiff in a collective action. Courts in this District consistently hold that a named plaintiff must file a written consent to commence a collective action. In *Garcia v. Halpern LTO, LLC*, the court confined an FLSA complaint to the named plaintiffs individual claims for this exact failure, explaining that “Garcia has failed to file a written consent indicating that she wishes to pursue her claims on behalf of other individuals and thus has failed to comply with the requirements of the FLSA.” No. 14-60050-CIV-SCOLA, 2014 WL 12600055, at *3 (S.D. Fla. Apr. 4, 2014). Similarly, *in Lago v. Amoa Constr. & Dev. Corp*., the court disregarded collective action allegations at the motion to dismiss stage where no written consent was filed. No. 08-20994-CIV, 2008 WL 4540062, at *2-3 (S.D. Fla. Oct. 10, 2008). The court observed that “in order for a collective, opt-in action brought under the FLSA to commence, each of the plaintiffs (named or opt-in) must file a written consent,” and where no such consent was filed, the complaint may proceed individually only. *Id*.

The same result is warranted here. Plaintiffs’ failure to file their own opt-in consent means that the Complaint, as currently filed, cannot proceed as a collective action. *See e.g., Matos v. Macmillan Oil Co. of Fla. Inc*., No. 13-23273-CIV, 2014 WL 12605572, at *2 (S.D. Fla. Apr. 22, 2014) (“In order to commence a FLSA collective action, each of the plaintiffs (named or opt-in) must file a written consent.”); *Fields v. King-Tiller, LLC*, No. 8:20-CV-2759-MSS-JSS, 2021 WL 12300229, at *4 (M.D. Fla. July 5, 2021)(“If Fields fails to file her consent-to-join form, this lawsuit will proceed as an individual action.”)

Because Plaintiffs have not filed the required written consent, their collective allegations must be dismissed or stricken. At most, this case may proceed as an individual FLSA action—if any claims remain viable.

**G. The Complaint Constitutes an Impermissible Shotgun Pleading**

The Complaint is a shotgun pleading, violating Rules 8(a)(2) and 10(b) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a "short and plain statement" of the claim, and Rule 10(b) mandates that each claim be "limited as far as practicable to a single set of circumstances." Shotgun pleadings, which fail to articulate claims with clarity, are impermissible. *See Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273 (11th Cir. 2006). They are characterized by: (1) counts adopting allegations of preceding counts; or (2) combining multiple claims against multiple defendants without specifying which defendant is responsible for which act. *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348 (11th Cir. 2018); *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015).

Here, the Complaint commits both sins. First, each count incorporates all preceding paragraphs, causing "each successive count to carry all that came before." (Doc. 1 at 7-8, ¶¶ 35, 45); *see Weiland*, 792 F.3d at 1323. Second, it refers to "Defendants" collectively without specifying which defendant is responsible for which acts, particularly for Petterson, Villalba, and VVR Hospitality. (Doc. 1 at 3-8). The Eleventh Circuit has condemned shotgun pleadings for impeding the administration of justice, requiring dismissal. *See PVC Windoors, Inc. v. Babbitbay Beach Const., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010); *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1298 n.9 (11th Cir. 2002). Courts have dismissed complaints for similar defects, where plaintiffs fail to delineate individual roles or claims, as this prevents defendants from framing a responsive pleading. *See Jackson*, 898 F.3d at 1352. The Complaint's structure warrants dismissal or a more definite statement.

**IV. CONCLUSION**

The Complaint fails to state a claim under Rule 12(b)(6) for multiple reasons: (1) it lacks specific factual allegations about overtime hours, compensable work, and non-exempt status, failing to meet the heightened pleading standards required by judges in the Southern District, as exemplified in *Obasi v. Bedabox LLC*, No. 0:23-cv-60050-RS, Docket 9 (S.D. Fla. Mar. 1, 2023); (2) it does not establish individual liability for Petterson and Villalba; (3) it fails to demonstrate VVR Hospitality's liability as a joint employer or successor; (4) it inadequately pleads willfulness; (5) its collective action allegations are speculative; and (6) it fails to adequately plead FLSA coverage. These deficiencies render the Complaint implausible under *Twombly* and *Iqbal*.

Wherefore, Defendants respectfully request that the Court:

1. Dismiss the Complaint in its entirety with prejudice for failure to state a claim upon which relief can be granted;

2. Alternatively, dismiss the claims against Petterson, Villalba, and VVR Hospitality, strike the willfulness and collective action allegations, and require a more definite statement under Rule 12(e);

3. Grant such other and further relief as the Court deems just and proper.

Dated: July 17, 2025

ROSENTHAL LAW GROUP
2103 N. Commerce Parkway
Weston, FL 33326
954.384.9200
954.384.0017 Fax

By: /s/ Alex P. Rosenthal
Alex P. Rosenthal
Fla. Bar No. 815160
alex@rosenthalcounsel.com
Amanda Jassem Jones
Fla. Bar No. 26260
amanda@rosenthalcounsel.com