UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:25-cv-61311-LEIBOWITZ/AUGUSTIN-BIRCH

**HOLGER MARK DOERR**, *et al.*,

    *Plaintiffs*,

v.

**VILLA VIE RESIDENCES CORPORATION,** *et al.*,

    *Defendants*.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendants Villa Vie Residences Corporation ("Villa Vie"), Mikael Petterson ("Petterson"), Kathryn Villalba ("Villalba"), and VVR Hospitality LLC's ("VVR Hospitality") (collectively, the "Defendants") Motion to Dismiss Plaintiffs' First Amended Complaint (the "Motion") [ECF No. 30], filed on August 19, 2025.  Plaintiffs Holger Doerr ("Doerr") and Melissa Autry ("Autry") (collectively, "Plaintiffs") responded in opposition (the "Response") [ECF No. 31], and Defendants replied [ECF No. 32].  The Court has reviewed the parties' arguments, the record, and the relevant legal authorities.  For the reasons stated below, the Motion [**ECF No. 30**] is **GRANTED IN PART and DENIED IN PART**.

    **I.**    **BACKGROUND AND THE INSTANT MOTION**

On June 27, 2025, Plaintiff filed this action brought pursuant the Fair Labor Standards Act ("FLSA"). [ECF No. 1 ¶ 1].  Defendants filed an initial Motion to Dismiss [ECF No. 11], which was mooted when Plaintiff filed the instant Amended Complaint [ECF No. 28].

Plaintiffs bring two counts in this action: (1) "Recovery of Overtime Compensation (Doerr)" (Count I) and (2) "Recovery of Overtime Compensation (Autry)" (Count II).  [ECF No. 24 at 6–8].

Beyond seeking recovery of unpaid overtime, Plaintiffs seek liquidated damages, declaratory relief, and reasonable attorneys' fees and costs. [*Id.* ¶ 1]. The facts are as follows:

This is an FLSA case brought by Plaintiffs for alleged unpaid overtime. [*Id.*]. Plaintiffs were employees of Villa Vie during the relevant periods through which they seek unpaid overtime. [*Id.* ¶ 9]. Villa Vie operated a cruise business offering ownership and residency on its cruise ship to customers. [*Id.* ¶ 10]. VVR Hospitality was formed on May 13, 2025, and is the purported successor of Villa Vie. [*See id.* ¶ 9]. Plaintiffs alleges that VVR Hospitality issued a 1099 tax form to Plaintiffs showing it as the compensation payor and, therefore, acted as a joint employer of Plaintiffs. [*Id.*].

Villa Vie (now VVR Hospitality) was managed by its chief executive officer, Petterson, and its chief operating officer, Villalba. [*Id.* ¶¶ 11–12]. During the relevant periods, Petterson and Villalba purportedly directed and implemented the illegal employment actions complained of in the case at bar. [*Id.*]. Both were responsible for supervising Plaintiffs and actively participated in day-to-day operations that affected Plaintiffs' employment. [*Id.*]. Plaintiffs allege that all Defendants "were joint employers and shared control over hiring, firing, supervision, and payroll." [*Id.* ¶ 16].

Plaintiffs worked as sales representatives for Villa Vie. [*Id.* ¶¶ 9, 24, 31]. Their duties included making interstate sales calls from home to sell spaces to guests on cruise vessels that engaged in international travel. [*Id.* ¶¶ 20, 25, 32]. Plaintiffs allege that Defendants failed to pay them (as non-exempt inside salespersons) overtime at one and one-half times the regular rate for hours worked over forty (40) hours per week in violation of sections 206 and 207 of the FLSA. [*Id.* ¶¶ 24, 29–31, 36–37]. Doerr claims that he worked 30 hours of overtime per week from April 1, 2024 through November 26, 2024 and is owed $60,067.20 in overtime. [*Id.* ¶ 27; ECF No. 24-3 at 1–2]. Autry alleges that she worked 30 hours of overtime per week from April 1, 2024 through November 26, 2024 and is owed $33,753.60 in overtime. [ECF No. 24 ¶ 34; ECF No. 24-3 at 1–2].

Defendants move to dismiss the Amended Complaint, arguing that the Amended Complaint: (1) fails to plausibly state an FLSA overtime claim; (2) fails to properly plead individual liability for both Petterson and Villalba; (3) fails to establish VVR Hospitality's liability as a joint employer or successor; (4) fails to adequately plead willfulness; and (5) constitutes an impermissible shotgun pleading.  [ECF No. 30 at 4–18].

## II. LEGAL STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)).  "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

When reviewing a Rule 12(b)(6) motion, generally a court must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff.  *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration All.*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Off.*, 449 F.3d 1342, 1352 (11th Cir. 2006).

## III. DISCUSSION

The Court will grant the Motion in part, but Plaintiffs will have one final opportunity to cure the deficiencies detailed in this Order. In support of dismissal, Defendants present several arguments. [ECF No. 30 at 4–18]. The Court addresses each in turn.

### A. The Amended Complaint Fails to Plead Sufficient Facts to State a Plausible FLSA Overtime Claim.

The Court disagrees with Defendants on this score; the Amended Complaint states a plausible FLSA claim. Section 207 of the FLSA requires that, "for a workweek longer than forty hours[,]" an employee who works "in excess of" forty hours shall be compensated for that excess work "at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). To state a claim for failure to pay overtime wages under section 207, the plaintiff must show that: (1) the plaintiff was "employed by the defendant"; (2) "the defendant engaged in interstate commerce"; and (3) "the defendant failed to pay" the overtime wages. *Freeman v. Key Largo Volunteer Fire & Rescue Dep't, Inc.*, 494 F. App'x 940, 942 (11th Cir. 2012) (citing *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008)). "When a plaintiff alleges violations of the FLSA's overtime provision, she should at least approximate the alleged number of hours worked for which she did not receive pay and the time period for which she is claiming unpaid overtime." *Montgomery v. 3300 Corp.*, No. 18-62683-Civ, 2019 WL 3890857, at *2 (S.D. Fla. June 28, 2019) (citations omitted).

First, Defendants are incorrect that the Amended Complaint must contain allegations showing the *specific* workweeks during the periods of the alleged unpaid overtime. In other words, Defendants believe that Plaintiffs must "identify the actual hours that Plaintiffs worked in any specific workweek." [ECF No. 32 at 3–4]. The Eleventh Circuit has not endorsed this purported heightened pleading requirement proposed by Defendants. All that Plaintiffs are expected to do is "approximate" the number of hours worked for which they did not receive overtime pay and the time period of that

excess work. *See Montgomery*, 2019 WL 3890857, at *2.[1] Plaintiffs have done exactly that through the Amended Complaint and the Statement of Claim attached to it. [*See* ECF No. 24 ¶¶ 27, 34; ECF No. 24-3 at 1–2].[2] Nothing more is required under *Freeman* and *Morgan*.

The cases Defendants cite do not support this heightened pleading standard nor seemingly require Plaintiffs to expressly list a specific workweek (i.e. stating something such as "Plaintiffs worked X hours of overtime during the week of X.") For instance, Defendants cite two Eleventh Circuit cases. *See Rance v. Rocksolid Granit USA, Inc.*, 292 F. App'x 1 (11th Cir. 2008); *Allen v. Bd. of Pub. Educ.*, 495 F.3d 1306 (11th Cir. 2007). Both cases, however, pre-date *Twombly* and *Iqbal* and do not affirmatively stand for the broad statement of the law advocated here by Defendants. Defendants also rely on decisions handed down by the First, Second, and Ninth Circuits. *See Pruell v. Caritas Christi*, 678 F.3d 10 (1st Cir. 2012); *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106 (2d Cir. 2013); *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 646 (9th Cir. 2014). Again, none of these cases adopt Defendants' strict view. In these three cases, the plaintiffs alleged barebones and generalized allegations that they worked more than forty hours a week. *See Pruell*, 678 F.3d at 13, *Lundy*, 711 F.3d at 114–15; *Landers*, 771 F.3d at 645–46. *Lundy* is close, but is ultimately distinguishable because the

---

[1] Defendants oddly claim that Plaintiffs "cherry-pick *Montgomery*" (even though Defendants affirmatively cite it for the legal standard in the Motion [ECF No. 30 at 4]) and that the case is inapposite. [*See* ECF No. 32 at 3]. True, the court there dismissed a complaint for failing to allege sufficient facts for an FLSA claim, but the complaint in that case was completely devoid of any allegations of how many estimated hours of overtime were worked and when they were worked. *See generally Montgomery v. 3300 Corp.*, No. 18-62683-Civ, ECF No. 1 (S.D. Fla. filed Nov. 3, 2018). In fact, the complaint there only included a threadbare allegation that the plaintiffs worked "more than forty (40) hours per workweek, they are not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek. In fact, they receive no compensation whatsoever from Club Pink for either minimum wages or overtime, both in violation of the FLSA." *Id.* ¶ 35. There was no dollar figure or time period mentioned anywhere in the complaint. *See generally id.* That is not our case.

[2] The Court may consider the Amended Complaint as well as any exhibits attached to it for purposes of this Motion. *See Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016).

plaintiffs there alleged that they "typically" or "occasionally" worked over forty hours without a given timeframe. 711 F.3d at 114–15. Here, on the other hand, Plaintiffs allege that they worked over forty hours "*per week* from April 1, 2024 through November 26, 2024" and "*consistently* worked 70 hours a week" during this period. [ECF No. 24 ¶¶ 27, 34, 41, 48 (emphasis added)]. These allegations are more than sufficient to survive a motion to dismiss, and other judges in this District agree. *See, e.g.*, *Chambers v. Bank of Am. Merchant Servs., LLC*, No. 18-61464-CIV, 2018 WL 7371879, at *3 (S.D. Fla. Sept. 25, 2018) (Dimitrouleas, J.) ("Plaintiff alleges that from at least February 1, 2015 and continuing through January 19, 2017, Defendant paid her an hourly wage, she worked in excess of forty (40) hours during most weeks, and Defendant failed to compensate her a rate of one and one-half times her regular rate of pay for all hours worked in excess of forty (40) hours in a single work week. These allegations are sufficient at the motion to dismiss stage." (internal citation omitted)).

Second, none of Defendants' cited cases require Plaintiffs to plead "their actual regular rate of pay." [*See* ECF No. 30 at 6–8]. Defendants again rely on *Rance*, a pre-*Twombly* and -*Iqbal* decision. But the *Rance* case says nothing about calculating or alleging the proper regular rate. *See Rance*, 292 F. App'x at 2–3. Indeed, the courts in this District that have addressed this issue squarely reject Defendants' view. *See, e.g.*, *Ceant v. Aventura Limousine & Transp. Servs., Inc.*, 874 F. Supp. 2d 1373, 1380 (S.D. Fla. 2012) (Scola, J.) ("[T]he Court rejects Defendant's argument that Plaintiff must plead the precise number of hours worked and applicable pay rates to state an FLSA claim." (quoting *Anish v. Nat'l Sec. Corp.*, No. 10-80330-CIV, 2010 WL 4065433, at *2 (S.D. Fla. Oct. 15, 2010) (Marra, J.))). Viewing the Amended Complaint in the light most favorable to Plaintiffs, the Court is satisfied with Plaintiffs' allegations that Defendants failed to compensate them at one and one-half times their "regular rate for all hours worked more than forty (40) hours in a single work week" coupled with the information reflected in their Statement of Claim. [ECF No. 24 ¶¶ 28, 35; ECF No. 24-3 at 1–2].

Next, Defendants argue that the Amended Complaint must (but fails to) "specify the nature of the work performed during alleged overtime hours . . . ." [ECF No. 30 at 8]. Defendants are wrong. Recognizing the absence of guidance from the Eleventh Circuit, the Court rejects Defendants' argument.

Defendants point to the First Circuit's decision in *Pruell*—which is not binding on this Court—where the court affirmed dismissal of the complaint because it failed to "describe the nature of the work perform during" times of unpaid work. 678 F.3d at 14. *Pruell* is, however, distinguishable because the plaintiffs in that case alleged other work (such as training sessions) that are not compensable under federal law, making it unclear which work went towards the unpaid overtime. *See id.* The plaintiffs also failed to allege their positions of employment. *Id.* at 12.

Unlike in *Pruell*, Plaintiffs allege their position of employment; they were salespeople and made interstate sales calls from home to sell spaces to guests on international cruise ships. [ECF No. 24 ¶¶ 20, 24–25, 31–32]. They do not allege any other work performed. Therefore, Defendants can adequately prepare a defense with the allegations as pled.

Defendants contend further that Plaintiffs fail to sufficiently plead non-exempt status. [ECF No. 30 at 9]. The Court again disagrees. Defendants are right that a plaintiff must demonstrate that he is "covered" under the FLSA. *See Saunders v. Amplus Air Conditioning Contractor, Inc.*, No. 19-cv-62450, 2020 WL 1452364, at *4 (S.D. Fla. Mar. 25, 2020) (citing *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011)). But they are wrong that Plaintiffs have not done so.

Accepting the allegations as true (as the Court must), Plaintiffs have properly pled enterprise coverage under the FLSA, which requires allegations that the employer (1) "has employees engaged in interstate commerce or in the production of goods for interstate commerce, or employees who handle, sell, or otherwise work on goods or materials that have been moved in, or produced for, interstate commerce by any person"; and (2) "has gross volume sales or business of at least $500,000

7

annually." *Id.* Both prongs are met here. [ECF No. 24 ¶¶ 17–18 (alleging that Defendants made "$40,000,000 during the relevant periods" and "regularly engaged in interstate phone calls" to sell "spaces on a vessel that engaged in international travel")]. Additionally, Plaintiffs have alleged their job title and responsibilities that brings them within the scope of interstate commerce; these duties included making interstate phone calls and processing interstate credit card transactions throughout their employment. [*Id.* ¶ 20]; *cf. Saunders*, 2020 WL 1452364, at *5 ("Plaintiff does not plead any facts to allow the Court to conclude that he was a non-exempt employee. He does not allege his job title, job responsibilities, or simply the general nature of his work and that of Defendants."); *Dixon v. First Fin. Asset Mgmt., Inc.*, No. 12-CV-80953, 2013 WL 12131607, at *2 (S.D. Fla. Aug. 22, 2013) (denying motion to dismiss because the plaintiff "describe[d] in detail various duties he performed" during employment).

Defendants' argument that Plaintiffs are exempt as independent contractors is also unavailing. [*See* ECF No. 30 at 10]. Defendants contend that because Plaintiffs were issued 1099 tax forms, this suggests independent contractor status that removes Plaintiffs from FLSA coverage. [*Id.*]. Courts have routinely rejected this argument. *See Sisson v. Kadenzo Enters., Inc.*, No. 22-cv-3722, 2024 WL 5339438, at *3 n.5 (N.D. Ga. Oct. 25, 2024) ("Defendant repeatedly argues that Plaintiff is an independent contractor because Defendant itself classified her as such and issued her 1099 tax forms (issued to independent contractors) rather than W-2 tax forms (issued to employees). As the legal authority makes plain, the label Defendant placed on the relationship is not controlling." (citing *Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308, 1311 (11th Cir. 2013))). Taking the well-pled allegations as true, Plaintiffs have alleged that they are employees who were hired as "non-exempt inside sales representatives." [ECF No. 24 ¶¶ 14, 24, 31]. Defendants are joint employers who shared control over things like supervising Plaintiffs and participating in daily operations that affected Plaintiffs' employment. [*Id.* ¶¶ 11–12, 16]. This is sufficient at this stage for employee status under the FLSA.

Moreover, Defendants miss the mark by stating the Amended Complaint fails to show Defendants lacked knowledge of alleged overtime hours and again attempt to place a heightened pleading burden on Plaintiffs. [*See* ECF No. 30 at 11]. Defendants cite the Eleventh Circuit's decision in *Allen* for this purported requirement. [*Id.*]. But *Allen* concerned a motion for summary judgment. 495 F.3d at 1309. *Freeman*—a case on a motion to dismiss—did not mention knowledge as a necessary pleading requirement. 494 F. App'x at 942. That is because "intent or causation [] might require more extensive pleading." *Almeid v. Xixon Spanish Rest.*, No. 21-cv-21984, 2022 WL 19408761, at *8 (S.D. Fla. Feb. 7, 2022) (quoting *Sec'y of Lab. v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008)). In any event, Plaintiffs have pled enough; Defendants failed to pay when they "knew, or should have known," the claimed unpaid overtime was and is due. [ECF No. 24 ¶¶ 40, 47]. This Court follows the lead of the Honorable Robert N. Scola in rejecting the Defendants' argument. *See Steele v. Int'l Ass'n of Trauma & Addiction Couns., Inc.*, No. 13-62077-Civ, 2016 WL 11544885, at *2 (S.D. Fla. Mar. 25, 2016) (Scola, J.) ("[T]he Court rejects Defendants' argument that [the plaintiff] must plead Defendants' knowledge with greater specificity" as to "knowledge of the unpaid overtime hours." (citations omitted)).

### B. The Amended Complaint Fails to Properly Plead Individual Liability for Petterson and Villalba.

This argument is also unpersuasive. Defendants claim that Plaintiffs must allege "specific facts detailing how Petterson or Villalba participated in setting work schedules, determining compensation, supervising daily tasks, or making employment decisions affecting Plaintiffs." [ECF No. 30 at 12–13]. Not so.

An individual may be considered an employer based on the "economic reality of the relationship between the employee and the alleged employer." *Baltzley v. Berkeley Grp., Inc.*, No. 10-61194-CIV, 2010 WL 3505104, at *3 (S.D. Fla. Sept. 3, 2010). "The economic reality test suggests an employee-employer relationship may exist where the alleged employer hires and fires employees,

9

supervises and controls employee work schedules or conditions of employment, determines the rate and method of payment, or maintains employment records." *Id.*  Whether an individual falls within this definition depends on "the circumstances of the whole activity." *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1161 (11th Cir. 2008).  Corporate officers may be personally liable as employers for FLSA violations if they are either "involved in the day-to-day operation or have some direct responsibility for the supervision of the employee." *Patel v. Wargo*, 803 F.2d 632, 638 (11th Cir. 1986); *see also Alvarez Perez*, 515 F.3d at 1160.

Here, Plaintiffs have alleged sufficient facts to state a claim for joint liability vis-à-vis Petterson and Villalba.  Once more, Defendants' cases are distinguishable and do not bless any heightened pleading requirement.[3]  Plaintiffs have met their burden by alleging that they were salespeople for Defendants and that both Petterson and Villalba were "responsible for supervising Plaintiffs and actively participated in day-to-day operations affecting Plaintiffs' employment." [ECF No. 24 ¶¶ 11–12].  Plaintiffs pled facts that Petterson is the chief executive officer of Villa Vie and manager of VVR Hospitality and that Villalba is the chief operating officer of Villa Vie and manager of VVR.  [*Id.*].  These are not legal conclusions that Petterson and Villalba are mere employers "within the meaning of" the FLSA.  *See Bailey*, 2011 WL 818110, at *2.  Plaintiffs' allegations are enough to state a claim

---

[3]     Defendants cite three cases—none on all fours: *Camargo v. Swine Gables, LLC*, No. 16-cv-23100, 2016 WL 9526470 (S.D. Fla. Sept. 26, 2016); *Bailey v. Cooper*, No. 10-81596-CIV, 2011 WL 818110 (S.D. Fla. Mar. 2, 2011); *Hernandez v. Anderson*, No. 14-cv-577, 2015 WL 3514483 (M.D. Fla. June 4, 2015).  In *Camargo*, the plaintiff failed to define the particular individual defendant and lodged "no allegations whatsoever" that the individual defendant "participated in the activities required under the economic reality test prior to imposing liability." 2016 WL 9526470, at *2.  *Bailey* involved a plaintiff who cited no facts regarding her "job duties or any facts describing how the business is operated" and only pled *one* allegation that the individual defendant "was and is an employer within the meaning of" the FLSA. 2011 WL 818110, at *2.  In *Hernandez*, the plaintiff alleged "one fact and one fact only" about the individual defendant—that he was "an individual who is an employer as defined by the FLSA." 2015 WL 3514483, at *5.

against Petterson and Villalba even if "discovery may reveal facts" to the contrary later down the line. *See Dixon*, 2013 WL 12131607, at *2.

### C. The Amended Complaint Fails to Establish VVR Hospitality's Liability as a Joint Employer or Successor.

The Court does agree with Defendants that Plaintiffs have failed to allege joint or successor liability sufficiently. Plaintiffs will have one final opportunity to remedy this deficiency.

"Under enterprise coverage, two businesses may be considered a joint enterprise if they are sufficiently related." *Vignoli v. Clifton Apartments, Inc.*, 930 F. Supp. 2d 1342, 1346 (S.D. Fla. 2013) (citing *Gonzalez v. Old Lisbon Rest. & Bar, LLC*, 820 F. Supp. 2d 1365, 1368 (S.D. Fla. 2011)). In determining whether a joint enterprise exists, courts must "look beyond formalistic corporate separation to the actual, pragmatic operation and control" of the business entities. *Id.* (quoting *Cornell v. CF Ctr., LLC*, 410 F. App'x. 265, 268 (11th Cir. 2011) (quotation omitted)).

To sufficiently allege joint enterprise liability, a plaintiff must allege facts that the business entities "(1) performed related activities"; "(2) through a unified operation or common control"; and "(3) for a common business purpose." *Id.* (quoting *Gonzalez*, 820 F. Supp. 2d at 1368). Activities are considered "related" when they "are the same or similar or when they are auxiliary service activities." *Id.* (quoting *Donovan v. Easton Land & Dev., Inc.*, 723 F.2d 1549, 1551 (11th Cir. 1984)). Unified operation or common control requires "the alleged employer hires and fire employees, supervises and controls employee work schedules or conditions of employment, determines the rate and method of payment, or maintains employment records." *Id.* (quoting *Ceant*, 874 F. Supp. 2d at 1381). For the final prong, a common business purpose may exist when "the activities of two or more businesses are directed to the same business objective or to similar objectives in which the group has an interest." *Id.* (quotation marks omitted) (quoting 29 C.F.R. § 779.213). A mere common goal to make a profit is insufficient. *See id.* (citing *Donovan*, 723 F.2d at 1553).

11

Plaintiffs have not alleged enough facts for joint liability of VVR Hospitality. First, there are insufficient allegations showing related activities. Plaintiff alleges that Defendants "shared control over hiring, firing, supervision, and payroll" [ECF No. 24 ¶ 16], but that is not enough to show that *VVR Hospitality* performs the same activities as Villa Vie. The Fifth Circuit in *Brennan v. Veterans Cleaning Serv., Inc.*, 482 F.2d 1362, 1367 (5th Cir. 1973), held that three separate cleaning companies performed related activities because all three provided cleaning services using the same office, equipment, and employees. Here, there is a dearth of allegations that VVR Hospitality performs the same services as Villa Vie, such as operating a "cruise business offering ownership and residency opportunities on its cruise ship." [ECF No. 24 ¶ 10]. Nowhere do Plaintiffs allege (or argue) that VVR Hospitality operates the same cruise business or even has the same clientele. *See Donovan*, 723 F.2d at 1552 (holding no related activities because the entities "serve[d] different clientele"). And Plaintiffs cite no authority that the issuance of tax documents changes this conclusion. [*See* ECF No. 31 at 3].

Secondly, because "[m]any of the considerations relevant in determining the existence of related activities are pertinent to determine the existence of a 'common business purpose[,]'" the Court finds that Plaintiffs have not met the final prong either. *See Donovan*, 723 F.2d at 1553. Plaintiffs have not alleged any facts "describing any business purpose" of VVR Hospitality and how it is common to Villa Vie. *See Vignoli*, 930 F. Supp. 2d at 1347.

Conversely, "common control" is satisfied here because Villa Vie and VVR Hospitality are both controlled/were formed by Petterson and Villalba. [ECF No. 31 at 3; ECF No. 24 ¶ 9]. Further, they "shared control over hiring, firing, supervision, and payroll." [ECF No. 24 ¶ 16]. That is enough at this stage. *See Gonzalez*, 820 F. Supp. 2d at 1369 (finding as sufficient allegations that "companies were operated by the same managing member" to satisfy this prong).

12

Moreover, Plaintiffs have not established successor liability based on the allegations pled. The Court notes that the Eleventh Circuit has not squarely embraced a successor liability theory under the FLSA. *See Cuervo v. Airport Servs., Inc.*, 984 F. Supp. 2d 1333, 1337 (S.D. Fla. 2013) ("While other federal courts have found that successor liability exists under the FLSA, the Eleventh Circuit has not decided the issue."). Nevertheless, the courts that have applied successor liability in FLSA cases require the plaintiff to allege and consider whether: (1) "the successor employer had prior notice of the claim against the predecessor"; (2) "the predecessor is able to provide the relief requested"; and (3) "there has been sufficient continuity in the business operations of the predecessor and the successor to justify the imposition of liability." *Id.* at 1339. Plaintiffs utterly failed by not pleading sufficient facts for this theory. [*See generally* ECF No. 24]. Beyond this, Plaintiffs attempt to circumvent these pleading requirements with conclusory argument; that will not do. *See Burgess v. Religious Tech. Ctr., Inc.*, 600 F. App'x. 657, 665 (11th Cir. 2015) ("We repeatedly have held that plaintiffs cannot amend their complaint through a response to a motion to dismiss." (citation omitted)).

### D. The Amended Complaint Fails to Adequately Plead Willfulness.

The Court disagrees with Defendants that the Amended Complaint fails to plead willfulness. Defendants argue that Plaintiffs' willful allegations are conclusory and insufficient for a three-year statute of limitations under 28 U.S.C. § 255(a), and liquidated damages under 29 U.S.C. § 216(b). [ECF No. 30 at 15–16]. However, Plaintiffs represent that they do not rely on a three-year statute of limitations [*see generally* ECF No. 24; ECF No. 31 at 4] (and they do not need to as this case was filed well within a two-year period from the relevant time period.)[4] Thus, Defendants only challenge Plaintiffs' claim for liquidated damages. [ECF No. 30 at 16; ECF No. 32 at 8].

---

[4] In any event, alleged violations that occur during a time-barred period is not sufficient to warrant dismissal. *See Labbe*, 319 F. App'x at 764.

Plaintiffs allege that Defendants' actions "were willful and/or showed reckless disregard for the provisions of the FLSA" when they "knew, or should have known," that overtime compensation was and is due. [ECF No. 24 ¶¶ 40, 47]. In *Dixon*, the same allegations were pled, and the Honorable Kenneth L. Ryskamp found them satisfactory to meet the standard of *Twombly* and *Iqbal*. 2013 WL 12131607, at *2. As such, "[w]hether Defendants *actually* acted willfully and whether [Plaintiffs are] *actually* entitled to wages is a factual matter suited for summary judgment." *Id.* (emphasis in original).

### E.  The Amended Complaint Constitutes an Impermissible Shotgun Pleading.

Finally, the Court rejects the contention that this is a shotgun pleading. Plaintiffs' Amended Complaint, while deficient in other respects, is not a shotgun pleading. Defendants claim that the Amended Complaint "lumps all Defendants together in each count without specifying which Defendant is responsible for which alleged acts or omissions" and violates Rule 8 of the Federal Rules of Civil Procedure. [ECF No. 30 at 17]. But Defendants overlook the core of Plaintiffs' claims.

Complaints that violate either Rule 8(a)(2) or Rule 10(b) of the Federal Rules of Civil Procedure are often referred to as "shotgun pleadings." Rule 8(a)(2) requires a complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 10(b) provides that:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b). The "self-evident" purpose of these rules is "to require the pleader to present his claims distinctly and succinctly, so that[] his adversary can discern what he is claiming and frame a responsive pleading." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) (quoting *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1544 n.14 (11th Cir. 1985)). The key characteristic of a shotgun pleading is its failure to give defendants "adequate notice of the claims

against them and the grounds upon which each claim rests." *Id.* at 1323.

In *Weiland*, the Eleventh Circuit identified four types of shotgun pleadings. The first "is a complaint containing multiple counts where each count adopts the allegations of all preceding counts." *Id.* at 1321. The second is a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. The third fails to separate each cause of action into a separate count. *Id.* The fourth asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323.

The Amended Complaint is not a shotgun pleading. The thrust of Plaintiffs' theory of the case is that Defendants are "joint employers" who "shared control over hiring, firing, supervision, and payroll." [ECF No. 24 ¶ 16]. Accordingly, Plaintiffs argue (albeit without authority) that the Amended Complaint is not shotgun since Defendants are purportedly jointly responsible. [ECF No. 31 at 4].

The Court agrees with Plaintiffs and finds (except for the deficiencies noted above) that Defendants are put on sufficient notice of the claims against them and the grounds upon which they lay. Indeed, a litany of federal courts across Florida have held that claims on a joint employer theory are not defeated on shotgun grounds. *See Dixon v. Gale Healthcare Sols.*, No. 23-cv-14341, 2024 WL 6859914, at *2 (S.D. Fla. Oct. 2, 2024); *Gonzalez v. Turner Constr. Co.*, No. 20-cv-1897, 2021 WL 2939950, at *2 (M.D. Fla. Feb. 25, 2021); *Wright v. Waste Pro USA, Inc.*, No. 19-cv-62051, 2020 WL 8230193, at * 4–5 (S.D. Fla. May 28, 2020); *Abdulaal v. Beauty Discount Zone, Inc.*, No. 20-61025, 2020 WL 13348802, at *1 (S.D. Fla. July 8, 2020); *Russ v. Waste Pro USA, Inc.*, No. 20-cv-442, 2020 WL 11027938, at *1 (N.D. Fla. Dec. 4, 2020).

### F.  Defendants' Request for a More Definitive Statement under Rule 12(e).

Because the Court grants in part and denies in part the Motion under Rule 12(b)(6), the Court will deny the request for a more definitive statement as moot. *See Nivia v. Nationstar Mortg., LLC*, No. 13-Civ-24080, 2014 WL 4146889, at *6 (S.D. Fla. Aug. 21, 2014).

## IV.  CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint [**ECF No. 30**] is **GRANTED IN PART AND DENIED IN PART**. The allegations against VVR Hospitality in the Amended Complaint [ECF No. 24] are **DISMISSED WITHOUT PREJUDICE**. Plaintiffs shall file a motion for leave to file a second amended complaint with a copy of the second amended complaint attached in compliance with this Order **no later than November 26, 2025**. Failure to comply with this Order may result in dismissal of Defendant VVR Hospitality *with prejudice* and *without further notice*.

**DONE AND ORDERED** in the Southern District of Florida on November 12, 2025.

_____
DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:  counsel of record