UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:25-cv-61311-DSL

HOLGER DOERR and MELISSA AUTRY

    Plaintiffs,
v.

VILLA VIE RESIDENCES CORPORATION,
a Florida corporation, MIKAEL PETTERSON,
and KATHRYN VILLALBA, and VVR HOSPITALITY
LLC, a Florida limited liability company,

    Defendants.
_____/

## JOINT MOTION FOR APPROVAL OF THE PARTIES' FLSA SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE

Plaintiffs, Holger Doerr and Melissa Autry (the "Plaintiffs"), and Defendants, Villa Vie Residences Corporation, Mikael Petterson, Kathryn Villalba, and VVR Hospitality LLC (collectively, the "Defendants") together (the "Parties"), by and through their respective undersigned counsel, hereby file this Joint Motion for Approval of the Parties' Settlement Agreement and Dismissal with Prejudice, and in support, state as follows:

1. The Plaintiffs filed this action on June 27, 2025, alleging two counts: Count I for Recovery of Overtime Compensation for Holger Doerr and Count II for Recovery of Overtime Compensation for Melissa Autry.

2. To ensure that the employer is relieved of liability under the Fair Labor Standards Act (FLSA), a compromise must be either supervised by the Secretary of Labor or must be approved by the District Court. *See Lynn's Food Stores, Inc. v. United States*, 679 F. 2d 1350 (11th Cir. 1982). To approve the settlement, the Court should determine that the compromise is a fair

and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.* at 1354. If the settlement terms meet the criteria above, the Court should approve the settlement to promote the policy of encouraging the settlement of litigation. *Id.: see also Sneed v. Sneed's Shipbuilding, Inc.,* 545 F. 2d 537, 539 (5th Cir. 1977).

3. Courts are encouraged to approve settlements accomplished through negotiation in cases where counsel represents the plaintiff and, therefore, is placed in an adversarial setting. In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit stated:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages, as the initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

3. *Lynn's Food Stores,* 679 F.2d at 1354. Here, the Plaintiffs were represented by counsel, and thus, fairness concerns are not implicated regarding the settlement of this FLSA dispute. *See Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247 (5th Cir. 2012); *see also Fernandez v. A-1 Duran Roofing, Inc.*, Case No. 12-CV-20757, 2013 WL 684736, * 1 (S.D. Fla. 2013).

4. In the instant action, the Plaintiffs claimed that they worked for the Defendants as employees and that during the time they were employed, they were not adequately paid for all hours worked. The Defendants adamantly denied Plaintiffs' claims. Defendants dispute that Plaintiffs were employees. Instead, Defendants argue that Plaintiffs were independent contractors, engaged as sales consultants from their homes.

5. Defendants also dispute the number of hours claimed and Plaintiffs' method of calculating the average hourly rate. It is Plaintiffs' position that Plaintiffs are entitled to one and a half times the average hourly rate, including commissions. Defendants maintain that if Plaintiffs are entitled to overtime, which they deny, it is based on a half-time calculation. Defendants dispute the hours Plaintiffs claim to have worked.

6. During this litigation, the Parties have engaged in several in-depth discussions on damages, including a Court-ordered settlement conference. Exchanging detailed information concerning the plaintiffs' employment with the Defendants, including the plaintiffs' pay, hours worked, and records. Notwithstanding Defendants' denial of liability, through a review of the applicable records and to avoid the costs and uncertainty of litigation, the Parties have negotiated a settlement of all overtime wage claims by the Plaintiffs against the Defendants. Accordingly, the Parties submit the settlement agreement, executed by the Plaintiffs and Defendants, for the court's review and approval. *See* the Parties' Settlement Agreement about the Plaintiffs' overtime wage claims, attached hereto as **Exhibit "A"** (the "Agreement"). The Parties respectfully request that the Court approve the terms of the settlement agreement pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), retain jurisdiction to enforce the Settlement Agreement, and dismiss the action with prejudice upon making a finding that the settlement is approved. Furthermore, Defendants contend that the Plaintiffs are being fully compensated for all alleged wages owed. Courts have held that when a Plaintiff is offered full compensation on his FLSA claim, no compromise is involved, and judicial approval is not required. *See Macknezie v. Kindred Hosp. E., LLC,* 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003).

7. The settlement is for a total sum of.$63,000 payable as follows:

      a.      One payroll check to Mellisa Autry in the gross amount of $5,000.00, less only those withholdings required by law and calculated based on Autry's executed IRS Form W-4 (including federal income tax, FICA, Medicare). Autry shall complete and deliver to Defendants a W-4 within 3 days of the date of the Agreement ("Autry W-4 Deadline").

      b.      If Autry fails to return a completed and signed W-4 by the Autry W-4 Deadline, the Payment Due Date is automatically extended, day-for-day, by the number of business days between the W-4 Deadline and the date a properly completed and signed W-4 is actually received by Defendants (the "Autry Tolling Period"). A W-4 that is incomplete, illegible, or inconsistent with IRS instructions will be deemed not received until corrected, and the Autry Tolling Period continues until proper receipt. Defendants will notify Autry within one (1) business day if any W-4 submitted is deficient."

      c.      One check payable to Mellissa Autry for $5,000.00. Autry will be issued a 1099 for this payment and is responsible for her own taxes.

      d.      One payroll check payable to Holger Doerr in the gross amount of $17,500.00, only those withholdings required by law and calculated based on Doerr's executed IRS Form W-4 (including federal income tax, FICA, Medicare). Doerr shall complete and deliver to Defendants a W-4 within 3 days of the date of the Agreement ("Doerr W-4 Deadline"). If Doerr fails to return a completed and signed W-4 by the Doerr W-4 Deadline, the Payment Due Date is automatically extended, day-for-day, by the number of business days between the W-4 Deadline and the date a properly completed and signed W-4 is actually received by Defendants (the "Doerr Tolling Period"). A W-4 that is incomplete, illegible, or inconsistent with IRS instructions will be deemed not received until corrected, and the Doerr Tolling Period continues until proper receipt. Defendants will notify Doerr within one (1) business day if any W-4 submitted is deficient."

      e.      One check payable to Holger Doerr for $17,500.00. Doerr will be issued a 1099 for this payment and will be responsible for his own taxes, and

      f.      One check payable to Minerley Fein PA for $18,000.00 ($758.57 for cots and $17,241.43. for attorney's fees). Minerley Fein shall provide a W-9 form.

      8.      Given the Parties' respective positions on the issues raised in the operative complaint, the Parties agree that they would incur great expense litigating these issues through trial. Given the amount claimed and the possibility of the Plaintiffs recovering nothing additional to what was previously offered by the Defendants, the Parties agree that this settlement amount here is a fair compromise for Plaintiffs' overtime wage claims.

      9.      The attorney's fees and costs concerning this action have been negotiated and will be paid *separately* from Plaintiffs' recovery. Counsel for the Plaintiffs further stipulates that the

amount recovered by Minerley Fein, PA in attorney's fees and costs, for Counts is fair and reasonable, and that he accepts this in satisfaction of the attorney's fees and expenses incurred on the Plaintiffs' behalf for Plaintiffs' overtime wage claims.

10. The Parties contend that in light of the issues in dispute, the amount received by Plaintiffs is a fair and reasonable settlement and should be approved by this Court.

11. The Parties further state that there was no undue influence, overreaching, collusion or intimidation in reaching the settlement agreement.

12. All Parties were counseled and represented by their respective attorneys throughout the litigation and settlement process.

**WHEREFORE**, the Parties respectfully request that the Court enter an Order (a) approving the terms of the settlement agreement, and (b) dismissing the action with prejudice, with the Court retaining jurisdiction to enforce the terms of the settlement agreement.

Dated: November 24, 2025.

| | |
|---|---|
| **MINERLEY FEIN, P.A.**<br>*Attorneys for Plaintiffs*<br>1200 N. Federal Highway, Suite 420<br>Boca Raton, Florida 33432<br>Telephone: (561) 362-6699<br>Facsimile: (561) 447-9884<br><br>By: */s/ Kenneth L. Minerley*<br>Kenneth L. Minerley<br>Fla. Bar No.: 521840<br>Ashley Adras<br>Fla. Bar No.: 119632<br>ken@minerleyfein.com<br>ashley@minerleyfein.com<br>fileclerk@minerleyfein.com | **ROSENTHAL LAW GROUP**<br>*Attorneys for Defendants*<br>2103 N. Commerce Parkway<br>Weston, FL 33326<br>Telephone: (954) 384-9200<br>Facsimile: (954) 384-0017<br><br>By: */s/ Alex P. Rosenthal*<br>Alex P. Rosenthal<br>Fla. Bar No. 815160<br>Amanda Jassem Jones<br>Fla. Bar No. 26260<br>alex@rosenthalcounsel.com<br>amanda@rosenthalcounsel.com |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 24, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record, Rosenthal Law Group, Alex P. Rosenthal and Amada Jassem Jones, 2103 N. Commerce Parkway, Weston, FL 33326, alex@rosenthalcounsel.com and amanda@rosenthalcounsel.com, via transmission of Notices of Electronic Filing generated by CM/ECF.

By: /s/ Kenneth L. Minerley
Kenneth L. Minerley
Fla. Bar No.: 521840
ken@minerleyfein.com
Ashley Adras
Fla. Bar No.: 119632
ashley@minerleyfein.com

**MINERLEY FEIN, P.A.**
*Attorneys for Plaintiffs*
1200 N. Federal Highway, Suite 420
Boca Raton, FL 33432
Phone: 561/362-6699
Fax: 561/447-9884
fileclerk@minerleyfein.com
kelley@minerleyfein.com
