UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:25-CV-61311-LEIBOWITZ/AUGUSTIN-BIRCH

**HOLGER MARK DOERR,** *et al.***,**

    **Plaintiffs,**

**v.**

**VILLA VIE RESIDENCES CORPORATION,** *et al.***,**

    **Defendants.**
_____/

**REPORT AND RECOMMENDATION ON JOINT
MOTION FOR APPROVAL OF THE PARTIES' FLSA SETTLEMENT AGREEMENT**

This cause comes before the Court on the parties' Joint Motion for Approval of the Parties' FLSA Settlement Agreement. DE 36. The Honorable David S. Leibowitz, United States District Judge, referred the Joint Motion to the undersigned United States Magistrate Judge. DE 39. The Court has carefully considered the Joint Motion and the record and is otherwise fully advised in the premises. For the following reasons, the Court **RECOMMENDS** that the Joint Motion [DE 36] be **GRANTED**, that the parties' Settlement Agreement [DE 36-1] be **APPROVED**, and that this case be **DISMISSED WITH PREJUDICE**.

Plaintiffs Holger Mark Doerr and Melissa Autry filed this action against Defendants Villa Vie Residences Corporation, VVR Hospitality LLC, Kathyrn Villalba, and Mikael Petterson, their former employers, alleging that Defendants violated the Fair Labor Standards Act ("FLSA") by failing to pay them their full and proper overtime wages. DE 24. Under the terms of the parties' Settlement Agreement, Plaintiff Doerr will receive $35,000 and Plaintiff Autry will receive $10,000, with half of both amounts representing unpaid overtime wages and the other half

representing liquidated damages. *See* DE 36-1 at 2. Plaintiffs' counsel will receive $18,000 for fees and costs under the Settlement Agreement. *Id.*

A settlement resolving an FLSA claim must either be presented to the Secretary of Labor or be scrutinized by a court for fairness. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982). In reviewing the fairness of a settlement of an FLSA claim, a court determines whether the settlement is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1355. The court considers factors such as (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. *Johnson v. Gonzo Mktg. Servs., LLC*, No. 21-60775-CIV, 2021 WL 8363200, at *2 (S.D. Fla. Oct. 20, 2021) (citing *Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994)).

In their Joint Motion, the parties discuss the *Leverso* factors for the Court. First, the parties state that they were represented by counsel experienced in litigating matters under the FLSA. DE 36 at 2. Second, the parties assert that a bona fide dispute existed as to whether Defendants owe Plaintiffs any overtime wages. *Id.* Third, the parties explain that the expense and risk of continued litigation weighed in favor of settling. *Id.* at 4. Lastly, counsel for the parties believe the settlement is a fair and reasonable resolution of Plaintiffs' FLSA claims. *Id.* at 5.

The Court has considered the parties' arguments and has conducted its own review of the record. The Court notes that this case was pending for roughly five months before the parties moved for approval of their settlement. This length of time gave the parties sufficient time to exchange information and to be able to evaluate their respective positions, and the parties ultimately settled before needing to complete discovery, draft dispositive motions, and prepare for

trial. This settlement avoided the accumulation of additional fees and costs, and the Court has no reason to believe that the settlement is a product of fraud or collusion. Accordingly, the Court concludes that the application of the *Leverso* factors to this case demonstrates that the parties' settlement is fair and reasonable.

The Court now turns to the provisions of the Settlement Agreement. The Settlement Agreement contains a mutual general release, DE 36-1 at 1, and some courts decline to approve FLSA settlement agreements that contain general releases. *E.g.*, *Vega v. Ya Guan USA LLC*, No. 19-24902-CIV, 2021 WL 8946186, at *2 (S.D. Fla. Aug. 24, 2021); *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1352 (M.D. Fla. 2010) ("Absent some knowledge of the value of the released claims, the fairness of the compromise remains indeterminate."). However, because the release is mutual insofar as both sides are releasing any claims they might have against one another, and because all parties have received the advice of experienced FLSA counsel, the Court concludes that the mutual general release is fair and reasonable.

The Settlement Agreement also contains a confidentiality clause requiring Plaintiffs to keep the facts and terms of the Settlement Agreement confidential. DE 36-1 at 4. Courts often decline to approve confidentiality clauses in FLSA settlement agreements. *E.g.*, *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010) (stating that a confidentiality provision in an FLSA settlement agreement "thwarts Congress's intent to ensure widespread compliance with the statute" by "silencing the employee who has vindicated a disputed FLSA right"). However, given that the Settlement Agreement is filed in the record and publicly available, the Court approves the mutual confidentiality clause. *See King v. Premier Fire Alarms & Integration Sys., Installation Div., Inc.*, No. 20-60064-CIV, 2021 WL 7540777, at *1 (S.D. Fla. Dec. 17, 2021) (describing a

confidentiality clause in an FLSA settlement agreement as being "essentially irrelevant" once the settlement agreement is filed in the public record (quotation marks omitted)).

A court must evaluate the reasonableness of any attorney's fees included as part of an FLSA settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under [the] settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). As part of the Settlement Agreement, Plaintiffs' counsel will receive $18,000 for fees and costs. DE 36-1 at 2. Plaintiffs' counsel provided billing records, and these records reflect costs of $745 and fees of $20,491 for 51.2 hours of work on this case. The number of hours worked is consistent with the stage at which this case settled, and the fee award compensates Plaintiffs' counsel at a reasonable hourly rate. The Court therefore concludes that the payment to be made to Plaintiffs' counsel under the Settlement Agreement for fees and costs is reasonable.

The Court has reviewed the remaining clauses of the Settlement Agreement. They include standard provisions such as a non-disparagement clause, a severability clause, and a choice-of-law provision. *See* DE 48-1 at 3–5. The Court concludes that the Settlement Agreement is fair and reasonable in its entirety.

Accordingly, the Court recommends that the parties' Joint Motion for Approval of the Parties' FLSA Settlement Agreement [DE 36] be **GRANTED** and that the Settlement Agreement [DE 36-1] be **APPROVED**. The Court further recommends that this case be **DISMISSED WITH PREJUDICE**. Since the parties request for the Court to retain jurisdiction to enforce the terms of the Settlement Agreement, DE 36 at 3, the Court also recommends retaining jurisdiction to enforce the terms of the Settlement Agreement.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 12th day of December 2025.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE